UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Reginald Brown, #264654, <br> *a/k/a Niccolo Don Emperor, #264654*, <br><br> Plaintiff, <br> vs. <br><br> Bryan P. Stirling, Director of S.C.D.C. <br> David Tartasky, General Counsel, <br> M. Boykin, Inmate Records, <br> Nikkie Haley, Governor of South Carolina, <br><br> Defendants. | ) C/A No. 4:16-3898-PMD-TER <br> ) <br> ) <br> ) Report and Recommendation <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

This is a civil action filed by a *pro se* state prisoner proceeding *in forma pauperis*. Pursuant to 28 U.S.C. 636(b)(1) and District of South Carolina Local Civil Rule 73.02(B)(2)(e), the undersigned is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. §§ 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). Plaintiff has substantially complied with prior court orders such that this case can be considered to be in proper form at this time. After review, and for the reasons set forth herein, the Complaint in this action should be summarily dismissed for failure to state a claim upon which relief can be granted.

## BACKGROUND

Plaintiff's name was changed legally from Reginald Brown, Jr. to Niccolo Don Emperor by order of Judge Randall McGee of the Family Court of the First Judicial Circuit. (ECF 1-1 at 3, Order Case No. 2015-DR-381082). The reason for the name change was Plaintiff's identity had possibly been stolen. *Id.* Plaintiff filed Step 1 and Step 2 grievances contesting the SCDC Policy OP-21.09 Inmate Records Plan, Section 3.311, Legal Name change. The Step 1 requested for prison personnel

to refer to him by his new legal name. (ECF No. 1-1 at 1). The Step 2 contested his legal name being added to the prison database as nothing more than an alias. (ECF No. 1-1 at 2). Plaintiff states he filed a Petition to amend the policy with an Administrative Law Judge. (ECF No. 1-1 at 2). Records are attached from the South Carolina Supreme Court in regard to Plaintiff's Motion to Amend Regulation Pursuant to § 1-23-126 (1976), Appellate Case No. 2016-001980, which the court dismissed. (ECF No. 1-1 at 6). The SCDC policy is that the name of prisoner upon commitment is the name that SCDC staff and records will reflect. (ECF No. 1-1 at 2).

Plaintiff sues the Director of SCDC, the general counsel of SCDC, inmate records personnel, and the governor, all only in their official capacity.[1] (ECF 1). Plaintiff's complaint states it is filed pursuant to due process and equal protection rights. The Complaint consistently references the South Carolina Supreme Court case: "please view submitted cases as forwarded to this court to be reassigned and heard from the supreme court of South Carolina as indicated." (ECF 1 at 4). Plaintiff states SCDC policy is to refuse to have the legal name on its roster. (ECF No. 1 at 6). No injuries are listed. Plaintiff does not seek monetary relief, but seeks amendment of the SCDC policy.

## STANDARD OF REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490

---

[1] Plaintiff sues defendants only in their official capacity, such that the suit may be barred by Eleventh Amendment immunity. However, Plaintiff's request for relief is not for monetary damages and requests a change in policy. Eleventh Amendment immunity does not bar suit against state officials in their official capacity when declaratory or injunctive relief is sought. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989).

U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir.1995) (en banc); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir.1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton*, 504 U.S. at 31. Hence, under § 1915(e)(2) (B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *See Neitzke*, 490 U.S. at 327.

This court is required to liberally construe *pro se* complaints. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Id.*; *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which plaintiff could prevail, it should do so, but a district court may not rewrite a complaint to include claims that were never presented, construct the plaintiff's legal arguments for him, or conjure up questions never squarely presented to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993); *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a

claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir.1990) (The "special judicial solicitude" with which a [court] should view such pro se complaints does not transform the court into an advocate.).

## DISCUSSION

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (internal quotation and citation omitted). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey*, Ltd., 526 U.S. 687, 707 (1999).

Under § 1983, a plaintiff must establish two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation "was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

In order to assert a plausible § 1983 claim against any particular state actor, a "causal connection" must exist between the conduct alleged by the plaintiff and the particular defendant named in the suit. *See Kentucky v. Graham*, 473 U.S.159, 166 (1985); *Rizzo v. Good*, 423 U.S. 362, 371-72 (1976); *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir.1977) (for an individual to be liable under § 1983, the Plaintiff must show that the defendant named acted personally in the deprivation of the plaintiff's rights).

**Appeal of South Carolina Supreme Court Order**

Initially, to the extent Plaintiff is seeking to appeal the South Carolina's Supreme Court's order of dismissal, this federal district court is without subject matter jurisdiction. Federal courts

have an "independent obligation" to investigate the limits of its subject-matter jurisdiction. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). The court's obligation to examine its subject-matter jurisdiction is triggered whenever that jurisdiction is "fairly in doubt." *Ashcroft v. Iqbal*, 556 U.S. 662, 671 (2009). It is well settled that federal courts are courts of limited jurisdiction and possess only powers authorized by the constitution and statute, which is not to be expanded by judicial decree. *Willy v. Coastal Corp.*, 503 U.S. 131, 136–37 (1992); *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986); *see Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *American Fire & Casualty Co. v. Finn*, 341 U.S. 6 (1951).

The United States Supreme Court is the only federal court with general statutory jurisdiction to review state court judgments. *See* 28 U.S.C. § 1257 (U.S. Supreme Court review is discretionary by way of a writ of certiorari and is not an appeal of right); *District of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462, 476–82 (1983). In civil, criminal, and other cases heard in the courts of the State of South Carolina, appeals of state court decisions are within the jurisdiction of the South Carolina Court of Appeals and/or the South Carolina Supreme Court. *See Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997). As to any challenges Plaintiff may be making to final judgments in prior state court proceedings, the Rooker–Feldman Doctrine bars them. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). This prohibition on review of state court proceedings by federal district courts is implicated when a ruling in the plaintiff's favor on his claims in connection with state court proceedings would, necessarily, require the federal court to overrule (or otherwise find invalid) various orders and rulings made in the state court. Such a result is prohibited under the Rooker–Feldman Doctrine. *See Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293–94 (2005); *Davani v. Va. Dep't of Transport.*,

434 F.3d 712, 719–20 (4th Cir.2006).

To the extent Plaintiff seeks to bring claims against the named Defendants pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights, such claims are without merit as discussed below.

**Due Process claims**

Plaintiff asserts his Due Process rights have been violated by SCDC's refusal to call him and reflect in SCDC's records his legal name. In order to state a Due Process claim, Plaintiff must first show that he was deprived of a liberty or property interest protected by the Constitution. The right Plaintiff attempts to invoke here is the right to compel SCDC to officially acknowledge his legal name change and maintain his name in its records as his legal name. "[C]ourts must accord deference to the officials who run a prison, overseeing and coordinating its many aspects, including security, discretion, and general administration." *Lovelace v. Lee*, 472 F.3d 174, 199 (4th Cir. 2006).

There is no persuasive authority recognizing a constitutionally protected interest in a person's right to insist that other's recognize a name change. "[T]he mere fact that correctional authorities maintain a prisoner's records in the name he used when convicted implicates no constitutional right. How prison officials choose to organize their records is quintessentially and administrative matter in which the courts should not intervene." *Barrett v. Virginia*, 689 F.2d 498, 503 (4th Cir. 1982); *see also Akbar v. Canney*, 634 F.2d 339 (6th Cir. 1980); *Mujihadeen v. Compton*, 627 F. Supp. 356 (W.D. Tenn. 1985). Accordingly, Plaintiff has not pleaded facts of a deprivation of a liberty or property interest sufficient to state a cognizable Due Process claim. Thus, summary dismissal is recommended.

**Equal Protection**

Plaintiff also makes reference that the SCDC policy violates his Equal Protection rights. "To succeed on an equal protection claim, a plaintiff must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001). In this case, Plaintiff provides no factual allegations to show that the Defendants treated Plaintiff differently than any other similarly situated inmate and that such unequal treatment resulted from intentional or purposeful discrimination. The court must liberally construe a pro se complaint; however, a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). As Plaintiff fails to plead facts that would support a plausible equal protection claim, the Complaint is subject to summary dismissal.

## RECOMMENDATION

Accordingly, it is recommended that the district court summarily dismiss the complaint in this case without prejudice, and without issuance and service of process. *See Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); see also 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

s/ Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

January 13, 2017  
Florence, South Carolina

**Plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).